# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHRIS SEVIER, | } |
| Plaintiff, | } |
| v. | } Case No.: 3:13-CV-607 |
| APPLE INC., et al., | } District Judge Todd J. Campbell |
| | } Magistrate Judge E. Clifton Knowles |
| Defendants. | } |

## APPLE INC. AND HEWLETT-PACKARD COMPANY'S OPPOSITION TO THE MOTION TO ALLOW THE PLAINTIFF TO SERVE ADDITIONAL INTERROGATORIES

Defendants Apple Inc. ("Apple") and Hewlett-Packard Company ("HP") oppose the Motion to Allow the Plaintiff to Serve Additional Interrogatories,[1] filed by Plaintiff Chris Sevier on January 10, 2014.

Mr. Sevier has not identified a single case-specific need for serving <u>over 300 interrogatories</u>. He points only to an ostensible effort to "help the executive team[s at Apple and HP] really think through this matter."[2] He suggests that "[a]nswering each interrogatory and its sub-part will help [Apple and HP] logically reason their way through the issues."[3] Then, identifying seventeen pages of churches and non-profit organizations,[4] he asserts that this

---

[1] Motion for Additional Interrogatories, Doc. #56.

[2] Motion for Additional Interrogatories, Doc. #56 at 1.

[3] Memorandum in Support of Motion for Additional Interrogatories, Doc. #57 at 2.

[4] Memorandum in Support of Motion for Additional Interrogatories, Doc. #57.

1

exercise would be "for the sake of these people who work at these [churches and non-profit organizations]."[5]

As detailed below, exceeding the interrogatory limits requires the moving party to show that the additional discovery is necessary. Conspicuously absent from Mr. Sevier's Motion, however, is any explanation whatsoever for why the ordinary limitation on interrogatories is inappropriate for this case. Accordingly, this Court should deny the Motion.

1. Under Federal Rule of Civil Procedure 33(a)(1), "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."[6] As the Advisory Committee recognized, "[p]arties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects."[7] Indeed, this Court's Local Rules sharpen that requirement: "Subparts of a question shall be counted as additional questions for purposes of the overall number."[8]

2. Mr. Sevier's proposed interrogatories contain over 300 discrete requests. For example, the first interrogatory asks Apple and HP to "explain in detail why [they] refuse to adopt [Mr. Sevier's] demand that they sell their products on 'safe mode' on their own?"[9] After asking that question, Mr. Sevier then lists the following subparts:

> a. For example: Explain in detail the Defendants' reasons to oppose this proposed plan made by the Plaintiff and the British

---

[5] Memorandum in Support of Motion for Additional Interrogatories, Doc. #57.

[6] FED. R. CIV. P. 33(a)(1).

[7] FED. R. CIV. P. 33 Advisory Committee Note.

[8] L.R. 33.01(b) (emphasis added).

[9] Proposed Interrogatories, Doc. #57-1 at 13.

2

Prime Minister collectively and individually: the Defendants must sell all of its devices on "safe mode," with pre-set filters that make reasonable attempts to block pornography that is accessible through the normal use of their product. If and only if the purchaser of the Defendants' product is over 18 and can provide proof, they can take the initiative to obtain a password from the Defendants that will then allow them to disable the filter, giving them access to pornographic content by opting in. (For clarity sake - asked in other words, explain all of the reasons in detail why Apple and Hewlett-Packard refuse to sell their products on "safe mode," which means in a manner with updating software that is pre-set to make reasonable attempts to block access to pornography.)

b. For example, do the Defendants understand how much better off the world would be if it sold its products on "safe-mode?"

(Note: Proverbs 16:5 Everyone who is arrogant in heart is an abomination to the Lord; be assured, he will not go unpunished.)

c. For example, has Professor Ford explained to you the spirit of the proposed rule 68 offer of settlement that stems for this:

"Temptations to sin are sure to come, but woe to the one through whom they come! It would be better for him if a millstone were hung around his neck and he were cast into the sea than that he should cause one of these little ones to sin. Pay attention to yourselves! If your brother sins, rebuke him, and if he repents, forgive him, and if he sins against you seven times in the day, and turns to you seven times, saying, 'I repent,' you must forgive him."[10]

3. The balance of the proposed interrogatories follows that same pattern (i.e., a general question followed by several additional questions), and therefore, each subpart should be counted as a separate interrogatory. Indeed, in two of the three cases cited by Mr. Sevier, the courts readily concluded that the discovery requests at issue counted as multiple interrogatories

---

[10] Proposed Interrogatories, Doc. #57-1 at 13-14.

rather than subparts of a single question,[11] and in the third case, the interrogatory's subparts were tightly connected rather than, as here, discrete subparts concerning discrete topics.[12]  Thus, applying Rule 33(a)(1) and Local Rule 33.01(b) to the proposed interrogatories, Mr. Sevier is seeking leave to serve over 300 interrogatories on Apple and HP.

  4. According to the Local Rules, any "[r]equest for leave [to exceed the interrogatory limit] shall include . . . a statement of counsel as to [1] the necessity for such information, [2] its relevance, or likelihood to lead to relevant information, and [3] the fact that it cannot be obtained from other sources."[13]  The Motion fails to include those representations and, on that basis alone, should be denied.

  5. Setting aside that defect, the Motion fails to establish a particularized need for the requested discovery.  Before obtaining permission to exceed the "presumptive limitation" under Rule 33, "[t]he party seeking leave must set forth a <u>particularized showing</u> to exceed the limit of

---

[11] <u>Pouncil v. Branch Law Firm</u>, 277 F.R.D. 642, 647 (D. Kan. 2011) (finding that subparts <u>did</u> qualify as separate interrogatories because "[a]lthough the information sought may arguably relate to the common theme [at issue in the case], the Court finds the allegations are sufficiently different and require Defendants to identify a different set of facts"); <u>Mezu v. Morgan State Univ.</u>, 269 F.R.D. 565, 573 (D. Md. 2010) (finding that subparts <u>did</u> qualify as separate interrogatories because the subparts were, "at best, attenuated" and were "not secondary to, or more than tangentially related to, the earlier questions"); <u>see</u> <u>also</u> Memorandum in Support of Motion for Additional Interrogatories, Doc. #57 at 2 (citing <u>Pouncil</u> and <u>Mezu</u> for the proposition that the subparts of the proposed interrogatories should not be counted as separate interrogatories).

[12] <u>Cardenas v. Dorel Juvenile Group, Inc.</u>, 231 F.R.D. 616, 649-20 (D. Kan. 2005) ("While this interrogatory could be construed as having three discrete subparts (i.e., (1) identify the element of each alleged design defect, (2) state how such element of design was defective, and (3) identify the manner in which each defect caused any alleged injuries), the fact that it seeks this information about multiple alleged design defects does not turn it into multiple interrogatories. This interrogatory does not contain multiple subparts that discuss various, unrelated topics. Rather, it is one interrogatory directed at eliciting details concerning a common theme. The Court therefore finds that it should not be counted as multiple interrogatories.").

[13] L.R. 33.01(b).

twenty-five interrogatories."[14] To meet that burden, the moving party must "adequately show[] that the benefits of additional interrogatories outweigh the burden to the opposing party."[15]

6. According to Mr. Sevier, the benefit of the excessive interrogatories is to "help [Apple and HP] untwist their thinking" in aid of the alleged "victims that Apple and [HP] have helped create[] through their fraud, excuses, and arrogant failures."[16] But that is no benefit to the discovery process. Mr. Sevier is not seeking to uncover evidence relevant to his personal claims.

7. Nor has Mr. Sevier established that any conceivable benefit to be derived from his diffuse and disorganized discovery requests outweighs the burden that Apple and HP will suffer by having to respond to them. This Court should therefore deny the Motion.

8. In any event, courts routinely deny prospective requests to exceed the interrogatory limit until a party has exhausted available discovery, which Mr. Sevier has not yet done.[17] That consideration is especially important here because (1) discovery has not even commenced; (2) the parties have not conferred pursuant to Rule 26(f); (3) this Court has not entered a case management order; and (4) there are significant questions regarding the viability

---

[14] Duncan v. Paragon Publ'g, Inc., 204 F.R.D. 127, 128 (S.D. Ind. 2001) (citing Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999)) (emphasis added).

[15] Chiropractic Ass'n v. Trigon Healthcare, Inc., No. 00-113, 2002 WL 534459, at *4 (W.D. Va. Mar. 18, 2002).

[16] Memorandum in Support of Motion for Additional Interrogatories, Doc. #57 at 2, 4.

[17] See, e.g., Duncan, 204 F.R.D. at 129 (citing Archer Daniels Midland Co., 187 F.R.D. at 586; Whittingham v. Amherst Coll., 163 F.R.D. 170, 171 (D. Mass. 1995)); see also 7 MOORE'S FEDERAL PRACTICE & PROCEDURE §§ 30, 33 (2006).

5

of Mr. Sevier's claims.[18] The Motion for Additional Interrogatories, therefore, is premature and, on that independent basis, should be denied.

Accordingly, because Mr. Sevier has failed to establish a particularized need to serve over 300 interrogatories, the Motion to Allow the Plaintiff to Serve Additional Interrogatories should be denied.

Respectfully Submitted,

Dated: Friday, January 24, 2014

*/s/ Sara A. Ford*
One of the Attorneys for Apple and HP

OF COUNSEL:

Sara A. Ford (admitted pro hac vice)
*sford@lightfootlaw.com*
Jeffrey P. Doss (admitted pro hac vice)
*jdoss@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0700
Facsimile: (205) 581-0799

Thomas A. Wiseman III, #11738
*tom@wisemanashworth.com*
WISEMAN ASHWORTH LAW GROUP PLC
511 Union Street, Suite 800
Nashville, Tennessee 37219
Telephone: (615) 254-1877
Facsimile: (615) 254-1878

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following through this Court's electronic filing system on this 24th day of January, 2014:

Chris Sevier
Unit 247
9 Music Square South
Nashville, Tennessee 37203

*/s/ Sara A. Ford*
OF COUNSEL

---

[18] Motion to Dismiss, Doc. #60; see also Memorandum in Support of Motion to Dismiss, Doc. #61.

6