# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **CHRIS SEVIER,** | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 3:13-CV-607 |
| | } |
| **APPLE INC., et al.,** | } District Judge Todd J. Campbell |
| | } Magistrate Judge E. Clifton Knowles |
| Defendants. | } |

### APPLE INC. AND HEWLETT-PACKARD COMPANY'S OPPOSITION TO THE MOTION FOR A PRELIMINARY AND PERMANENT INJUNCTION

Defendants Apple Inc. ("Apple") and Hewlett-Packard Company ("HP") oppose the Motion for a Preliminary and Permanent Injunction[1] filed by Plaintiff Chris Sevier on April 10, 2014.

In his latest motion, Mr. Sevier seeks preliminary and permanent injunctive relief requiring Apple and HP to "sell their devices with pre-sets that make reasonable attempts to block pornography."[2] According to Mr. Sevier, "Apple and HP must be enjoined and forced by this Court to sell their products 'on safe mode,' with the option to opt out if and only if the purchaser can provide proof that they are over 18 at a 'face to face' confrontation."[3]

The motion should be denied because (1) Mr. Sevier has no likelihood of success on the merits of this case; (2) by his own admission, Mr. Sevier will suffer no injury – let alone an

---

[1] [Motion, Doc. #86].

[2] [Motion, Doc. #86 at 1].

[3] [Memorandum in Support of the Motion, Doc. #87 at 5].

1

irreparable one – if the motion is denied; and (3) issuing Mr. Sevier's requested injunction would cause substantial harm to others, including Apple and HP.

## I. STANDARD OF REVIEW

"When considering a motion for a preliminary injunction, a district court must balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction."[4] As the Sixth Circuit has explained, "the district court's ultimate determination as to whether the four preliminary injunction factors weigh in favor of granting or denying preliminary injunctive relief is reviewed for abuse of discretion," and "[t]his standard of review is 'highly deferential' to the district court's decision."[5]

A permanent injunction, on the other hand, requires a party to demonstrate "(1) <u>that it has prevailed on the merits</u>; (2) that it will suffer continuing irreparable injury unless an injunction is issued; and (3) that it has no adequate remedy at law."[6] In other words, "[t]he standard applicable to permanent injunctions differs in that the plaintiff must show <u>actual success on the merits</u> rather than a mere likelihood of success."[7]

---

[4] Tumblebus Inc. v. Cranmer, 399 F.3d 754, 760 (6th Cir. 2005).

[5] Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 541 (6th Cir. 2007) (citing Tumblebus, 399 F.3d at 760; Leary v. Daeschner, 228 F.3d 729, 739 (6th Cir. 2000)).

[6] Buckhorn, Inc. v. Ropak Corp., 815 F.2d 76, 76 (6th Cir. 1987) (citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07 (1959); Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc., 747 F.2d 844, 850 (3d Cir. 1984); Newman v. Ala., 683 F.2d 1312, 1319 (11th Cir. 1982)) (emphasis added).

[7] United States v. Miami Univ., 91 F. Supp. 2d 1132, 1147 (S.D. Ohio 2000) (citing Amoco Prod. Co. v. Village of Gambell, AK, 480 U.S. 531, 546 n.12 (1987)) (emphasis added).

## II. DISCUSSION

**A. Because there is not a "strong likelihood" that Mr. Sevier will succeed on the merits, the Court should deny the Motion insofar as Mr. Sevier seeks a preliminary injunction.**

Through two rounds of briefing, Apple and HP have demonstrated that there is no likelihood that Mr. Sevier will succeed on the merits.[8] At bottom, Mr. Sevier believes that Apple and HP should be held liable under various state and federal laws for selling devices that allow him – an adult – to connect to the unfiltered internet. To date, Mr. Sevier has filed more than forty submissions with the Court as well as dozens of articles and attachments,[9] but absent from any of those documents has been a citation to any case even remotely suggesting that Apple and HP could be liable based on his allegations.

Instead, as detailed in Apple and HP's Opposition to the Motion for Leave to File a Second Amended Complaint,[10] Mr. Sevier has failed to state a claim under state or federal law. Accordingly, to avoid unnecessary repetition, Apple and HP incorporate their arguments from the Opposition to the Motion for Leave to File a Second Amended Complaint – which establish that Mr. Sevier has <u>no</u> likelihood of succeeding on the merits as to any claim asserted in the proposed Second Amended Complaint.[11]

---

[8] [Memorandum in Support of Motion to Dismiss, Doc. #61]; [Opposition to Motion for Leave to File a Second Amended Complaint, Doc. #72].

[9] [Docs. #1, 2, 7, 8, 11, 12, 13, 14, 25, 28, 32, 33, 34, 44, 45, 46, 47, 48, 49, 50, 51, 54, 56, 57, 62, 63, 64, 65, 66, 69, 71, 77, 80, 81, 82, 83, 84, 86, 87, 88, 89].

[10] [Opposition to Motion for Leave to File a Second Amended Complaint, Doc. #72].

[11] Id.

Indeed, as this Court has already observed based on its independent review of Mr. Sevier's allegations, the frivolity of Mr. Sevier's claims against Apple and HP implicates this Court's jurisdiction:

> The undersigned believes there is a significant question concerning the Court's subject matter jurisdiction. The Sixth Circuit has stated: "[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."

[Order, Doc. #79 at 7] [quoting Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)].

Mr. Sevier offers no legal justification for his assertion that "[t]he probability of success on the merits resolves in [his] favor."[12] Rather, Mr. Sevier simply recounts the conclusory allegations scattered throughout his proposed Second Amended Complaint and other filings in this case,[13] which is wholly insufficient to demonstrate a "strong likelihood of success" on the merits.[14]

---

[12] [Memorandum in Support of the Motion, Doc. #87 at 11]. Mr. Sevier's recently-filed affidavit does not alter that conclusion. In the affidavit, Mr. Sevier merely notes that he is supposedly "in talks" with various individuals about potentially testifying in this case. [Affidavit, Doc. #89 ¶ 4]. The balance of the affidavit – including its eighteen attachments – is replete with conjecture and irrelevant hearsay that does nothing to substantiate any legal claim asserted by Mr. Sevier against Apple and HP.

[13] [Id. at 11-14].

[14] United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 35 (6th Cir. 1992) ("To obtain a preliminary injunction, a plaintiff must demonstrate, among other things, a strong or substantial likelihood or probability of success on the merits."); see also Mich. State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997) ("[A] preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

4

**B.     As Mr. Sevier has acknowledged, he will not suffer "irreparable injury" in the absence of a preliminary injunction.**

According to Mr. Sevier, his "injury" is complete, and at this stage, his only concern is for unidentified third parties:

> Admittedly, I have already bought the defective product and have been injured by it. Therefore, <u>I must stipulate that the injunction will not protect me from continued harm directly, only to admit that it will protect others from being harmed.</u> So, this particular factor tilts in the Defendants' favor on the surface.
>
> However, the fact that the Defendants continue to sell a dangerous and defective product during the course of this pro se action continues to amount to a reoccurring injury, <u>knowing that others are exposed to the same harm that I befell</u>. This should offend the Court's sensibilities as well. Therefore, this factor should tilt back in my favor, since there is no way of recovering knowing that others are in peril.

[Memorandum in Support of the Motion, Doc. #87 at 15-16] [emphasis added].

It is not surprising that Mr. Sevier has cited no authority for this novel proposition – that a supposedly irreparable injury to unidentified third parties is sufficient to permit the issuance of a preliminary injunction – because it is plainly not the law. Instead, the Sixth Circuit unambiguously requires a court to consider only "whether, absent the injunction, <u>the moving party</u> would suffer irreparable injury."[15] In other words, "the preliminary injunction device should not be exercised unless the moving party shows that [he or she] specifically <u>and personally</u> risks irreparable harm."[16] And, notwithstanding his desire "to sleep tranquilly at night,"[17] Mr. Sevier lacks standing to seek redress on behalf of unidentified third parties.[18]

---

[15]     <u>Hodge Business Computer Sys., Inc. v. U.S. Mobile Comm'ns, Inc. II</u>, 910 F.2d 367, 369 (6th Cir. 1990) (emphasis added).

[16]     <u>Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.</u>, 562 F.3d 553, 557 (3d Cir. 2009) (quoting <u>Adams v. Freedom Forge Corp.</u>, 204 F.3d 475, 487 (3d Cir. 2000)) (emphasis added).

[17]     [Memorandum in Support of the Motion, Doc. #87 at 16].

5

Therefore, based on Mr. Sevier's admission that he personally faces no irreparable injury while this lawsuit remains pending, this Court should deny the motion.

C. **Issuing the injunction would cause "substantial harm to others," which weighs in favor of denying the Motion insofar as Mr. Sevier seeks a preliminary injunction.**

Mr. Sevier seeks a preliminary injunction requiring Apple and HP to modify all of their products that provide consumers with internet connectivity.[19] Such an injunction would cause "substantial harm" to Apple and HP "by imposing substantial costs and upsetting the status quo."[20] As the Supreme Court and the Sixth Circuit have recognized, "'[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.'"[21] In this case, however, Mr. Sevier "is trying to get a 'sneak preview' of [all] of the relief [he] seeks in this case in advance of trial"[22] and before this Court has had an opportunity to determine whether any of Mr. Sevier's claims are viable.

---

[18] See, e.g., McGlone v. Bell, 681 F.3d 718, 728-29 (6th Cir. 2012) ("A plaintiff must meet Article III and prudential standing requirements to proceed with his case. . . . To establish prudential standing requirements . . . a plaintiff must assert his own legal rights and interests, without resting the claim on the rights or interests of third parties . . . .") (quoting Rosen v. Tenn. Comm'r of Fin. & Admin., 288 F.3d 918, 927 (6th Cir. 2002)).

[19] [Memorandum in Support of the Motion, Doc. #87 at 17-22].

[20] Ramik v. Darling Int'l, Inc., 161 F. Supp. 2d 772, 778 (E.D. Mich. 2001) (citing Chrysler Corp. v. Franklin Mint Corp., 32 F.3d 569 (6th Cir. 1994)); see also D & J Master Clean, Inc. v. Servicemaster Co., 181 F. Supp. 2d 821, 831 (S.D. Ohio 2002) ("Plaintiff ignores the substantial harm that others may suffer if the Court issues a preliminary injunction. An injunction would cause substantial harm to Defendant, because it would require [Defendant] to take affirmative, costly steps to alter its use of its [product].").

[21] Ramik, 161 F. Supp. 2d at 778 (quoting University of Texas v. Camenisch, 451 U.S. 390, 395 (1981)) (citing Six Clinics Holding Corp., II v. Cafcomp Systems, Inc., 119 F.3d 393, 400 (6th Cir. 1997)).

[22] Id.

Critically, "[w]here a preliminary injunction is mandatory – that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act – or where the issuance of the injunction would provide the movant with substantially all the relief [he] seeks and where the relief could not thereafter be undone, even if the non-moving party later prevails at trial, <u>the requested relief should be denied unless the facts and law clearly favor the moving party</u>"[23] – a condition unsatisfied here. Mr. Sevier's request – that Apple and HP should retrofit all of their products to his moral specifications – reflects "substantially all the relief [he] seeks" and, importantly, cannot "be undone," even if Apple and HP succeed on the merits of this case.

D. **Because Mr. Sevier has not "prevailed on the merits," the Motion should be denied insofar as Mr. Sevier is seeking a permanent injunction.**

Finally, as a component of the motion, Mr. Sevier has requested that this Court issue a permanent injunction.[24] As noted above, a permanent injunction cannot issue until the moving party has succeeded on the merits.[25] Mr. Sevier has not done so, and thus, this request must be denied.

---

[23] Glauser-Nagy v. Med. Mut. of Ohio, 987 F. Supp. 1002, 1011 (N.D. Ohio 1997) (citing Phillip v. Fairfield Univ., 118 F.3d 131, 133 (2d Cir. 1997); Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc., 60 F.3d 27, 34-35 (2d Cir. 1995); Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994)) (emphasis added).

[24] [Motion, Doc. #86 at 1].

[25] See, e.g., Miami Univ., 91 F. Supp. 2d at 1147.

## III. CONCLUSION

Because Mr. Sevier has not met any of the requirements for a preliminary or permanent injunction, Apple and HP respectfully request that this Court deny his Motion for a Preliminary and Permanent Injunction.

Respectfully Submitted,

Dated: Thursday, April 24, 2014

*/s/ Sara A. Ford*
One of the Attorneys for Apple and HP

OF COUNSEL:
Sara A. Ford (admitted pro hac vice)
*sford@lightfootlaw.com*
Jeffrey P. Doss (admitted pro hac vice)
*jdoss@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone: (205) 581-0700
Facsimile: (205) 581-0799

Thomas A. Wiseman III, #11738
*tom@wisemanashworth.com*
WISEMAN ASHWORTH LAW GROUP PLC
511 Union Street, Suite 800
Nashville, Tennessee 37219
Telephone: (615) 254-1877
Facsimile: (615) 254-1878

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the following through this Court's electronic filing system on this 24th day of April, 2014:

Chris Sevier
Unit 247
9 Music Square South
Nashville, Tennessee 37203

*/s/ Sara A. Ford*
OF COUNSEL