IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRIS SEVIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:13-0607 |
| ) | JUDGE CAMPBELL/KNOWLES |
| APPLE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss the First Amended Complaint" filed by Defendants Apple, Inc. and Hewlett-Packard Company. Docket No. 60. Defendants have filed a supporting Memorandum. Docket No. 61. The Motion states in relevant part that Defendants "respectfully request that this Court dismiss with prejudice all counts in the First Amended Complaint, [Doc. #28], filed by Plaintiff . . . ." Docket No. 60, p. 1 (bracketed material in original). The problem with the Motion is that the "First Amended Complaint," which is Docket No. 28, is not the operative Complaint in this action.

Plaintiff filed his Complaint in this case on June 19, 2013. Docket No. 1. On November 13, 2013, Plaintiff filed a document headed "First Amended Complaint."[1] Docket No. 28. It is this "First Amended Complaint" that Defendants seek to have dismissed in the instant Motion.

---

[1] As will be discussed in greater detail below, Plaintiff later filed a second document headed "First Amended Complaint." Docket No. 46. Unless otherwise indicated, all references to the "First Amended Complaint" in this Report and Recommendation will be to Docket No. 28.

Fed. R. Civ. P. 15(a) provides in relevant part:

> (a) Amendments Before Trial.
>
> > (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> >
> > > (A) 21 days after serving it, or
> > > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> >
> > (2) Other Amendments. *In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.* The court should freely give leave when justice so requires.

(Emphasis added.)

The "First Amended Complaint" must have been intended as an amendment to the original Complaint, because the original Complaint was the only Complaint in the record at the time of the filing of the "First Amended Complaint." At that time, however, Plaintiff could not amend his Complaint as a matter of course pursuant to Rule 15(a)(1)(A) because he had not yet served his original Complaint. Thus, he could not possibly have amended his Complaint "21 days after serving it . . . ."

Additionally, Plaintiff could not amend his Complaint pursuant to Rule 15(a)(1)(B), because no responsive pleading to the Complaint had been served, nor had a Motion under Rule 12(b), (e), or (f) been served.

Therefore, the only way Plaintiff's "First Amended Complaint" could be effective would

2

be pursuant to Rule 15(a)(2). But Plaintiff did not seek leave to file his "First Amended Complaint," nor is there any indication that Defendants gave written consent for him to amend his Complaint.

Thus, the "First Amended Complaint" is simply not the operative Complaint in this action.[2]

For the foregoing reasons, the instant Motion to Dismiss the First Amended Complaint (Docket No. 60) should be DENIED AS MOOT.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                         E. Clifton Knowles
                         United States Magistrate Judge

---

[2] Plaintiff has filed the following documents, which are, or which could be construed as, Complaints: (1) a document headed "Complaint" (Docket No. 1); (2) a document headed "First Amended Complaint" (Docket No. 28); (3) a second document headed "First Amended Complaint" (Docket No. 46); and (4) a document headed "Second Amended Complaint" (Docket No. 64). The Court expresses no opinion as to the effect of any of the foregoing documents, except the "First Amended Complaint" (Docket No. 28), which is the subject of this Report and Recommendation.

3