## IN THE UNITED STATES COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | | |
|---|---|---|
| **Chris Sevier**<br><br>**Plaintiff**<br><br>**V.**<br><br>**Apple Inc.**<br><br>**Defendant** | | **CASE NO: 3:13-cv-00607**<br><br>**THE HONORABLE JUDGE CAMPBELL** |

## MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE

NOW COMES, I, Chris Sevier, for Judge Advocate General, 27A/11B, seeking reconsideration under rule 72 regarding the recommendations offered by the Magistrate.[1] In the military we have a saying, "respect the rank, not the man." I am going to hardcore attack Judge Knowles' opinion because he is openly abusing his discretion and ignoring his Constitutional obligations. I have been personally injured by the enterprise's refusal to comply with state and federal obscenity laws and filter out pornography, as they promised in public. There are millions of people who are suffering because of exposure to pornographic material on filterless devices. For the sake of the public health, the Court must take these matters extremely seriously and allow for a decision on the merits to be made. *S & T Leasing Corp. v Alabama Highway Express, Inc*, S.Ct Ala 1976, 335, So.2d 384, 386 citing Wright And Miller. There is an opportunity here to impact the greater good of mankind and to inflict the strongest blow to the demand side of human trafficking, since the inception of the internet. On a light note, since Al Gore claimed to

---

[1] To save Judge Campbell time, as a former Judge Advocate, here is what I recommend. First, skim all relevant documents, and second, grant the pending motion to amend that includes the 64 page complaint. This will render this entire discussion moot. .

have invented the internet and since the Honorable Judge Campbell worked for him, I

figure that he owes it to the international community to honor my filter demand  The

complaint asserts that the tech industries products are dangerous and defective in their

current condition. They must be force to modify by selling with products with barrier

shields that hold obscene content at bay while serving as key holder to deactivate in

conjunction with the retailer. Apple has an existing duty to comply with the display laws

under Tenn Code Ann S 3917914(a) (1991).  This case is not about regulating speech.

This action is about allowing consumers to regulate their own mental health. Allowing

me to go forward and to enjoin Apple will force the Commerce Committee to pass

COFA (the Child Online Filter Act). (See exhibit).[2] That is because the action is

plausible. The Supreme Court has long since recognized the secondary harmful effects

of pornography.[3] The Supreme Court has already found that filters are the least

---

[2]  Ever since Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), the Supreme Court has been praying that someone like me would bring a case like this so that they could make a decision that proves that they are not a proponent of obscenity.  To "simply adjusts the definition of obscenity to social realities" has always failed to be persuasive before the Courts of the United States.  *Mishkin v. State of New York*, 383 U.S. 502, 509, 86 S.Ct. 958, 16 L.Ed.2d 56;; *Bookcase, Inc. v. Broderick*, supra, 18 N.Y.2d, at 75, 271 N.Y.S.2d, at 951, 218 N.E.2d, at 671. This is the perfect opportunity for the Court to push pornography back underground where it belongs. The Court must seize the opportunity to act. The Federal and state legislature know that pornography online is a serious problem. Because even talking about pornography is triggering for man of the legislatures, it is not always the most favorable topic for them to address.  The tech companies have done such a great job shoehorning these matters in the first amendment box that it has confused even very brightest lawmakers, who fear the ALCU's relentless challenges. This is why it is absolutely vital that the Court and the parties to this litigation fully vet out these matters. I met with Senator Markey's and Senator Rubio's staff, for example, and they wanted me to explain these matters in 45 minutes. It takes more time than that to cover these issues. Senator Corker's team sat down with me for an entire afternoon, and we were really able to get things moving.  But the bottomline is that all of these lawmakers are going to look at the Court's decisions here.  Lawmakers in the United States are watching this case primarily thanks to the efforts of organizations like Clean Services Foundation and Girls Against Pornography. I beg the court not to take that lightly. This is not the time for the Tennessee Courts to play games and abuse discretion. This case could enable the court to have real impact for families and children for generations to come.

[3] In regards to porn in the analog realm, the Supreme Court and other state and federal courts have recognized the harmful secondary effects of "hardcore porn shops" and other "sexually oriented businesses" that specialize in pornography and commercial nudity and upheld the right of cities and counties to enact zoning and licensing ordinances based on reports and studies of their destructive impact. There were at least forty such studies and reports of municipalities and state agencies that have documented such crime impacts and urban blight, including those

restrictive means to regulate speech and that a filter law would pass heightened first amendment scrutiny.[4]

COFA and the issuance of an injunction would pass first amendment heightened scrutiny for the same reason that the display obscenity laws have. *Ginsberg v. New York,* 390 U.S. 629, 639–40, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968); *Davis-Kidd Booksellers*, Inc. v. McWherter, 866 S.W.2d 520 (Tenn. 1993). In fact, Apple's products amount to handheld retail stores, and accordingly, they are currently in a persistent state of violating the shield laws. Apple's products amount to an extension of the manufacture and retail store. Apple has a duty on the front end to sell its products with a barricade that makes a reasonable attempt to hold the bank of pornography at bay that otherwise lies in wait for its customers. It is a very low burden with massive benefits. The passage of COFA could likely dependent on the Court issuance of an injunction because these matters are too complex for many legislatures to understand, and the injunction will

_____

reports from such diverse communities as Los Angeles, Cleveland, New York City, Phoenix, Minneapolis, Indianapolis, Seattle, Oklahoma City, Houston, Dallas, El Paso, Las Vegas, .Alliance, Ohio, Newport News, Virginia, Manatee County, Florida, Adams County, Colorado, and New Hanover County, North Carolina. As the Supreme Court said in the *Paris Adult Theatre* case in 1973, "The sum of experience...affords an ample basis for legislatures to conclude that a sensitive, key relationship of human existence, central to family life, community welfare, and the development of human personality, can be debased and distorted by crass commercial exploitation of sex. The States [and Congress] have the power to make a morally neutral judgment that public exhibition of obscene material, or commerce in such material, has a tendency to injure the community as a whole, to endanger the public safety, or in Chief Justice Warren's words, to jeopardize, States' "right. . .to maintain a decent society." *Paris Adult Theatre Iv. Slaton,* 413 US 49, at 63,69 (1973). As noted by the Supreme Court in *Roth v. United States,* 354 U.S. 476, at485 n. 15 (1957), and *New Yorkv. Ferber,* 458 U.S. 747, at 754 (1982), there is an international Treaty that can be used by U.S. and other Nations to cooperate in identifying and prosecuting obscenity offenses. The original Treaty is called "Agreement for the Suppression of the Circulation of Obscene Publications", signed at Paris, May 4, 1910 In the U.S, it is reported at 37 Stat. Pt. 2, p. 1511, Treaties in Force 209 (U.S. Dept. of State), Treaty Series 559. The 1949 Protocol transferred the recording and tracking functions to the United Nations. There are now over 130 signatory countries. Pursuant to the spirit of these prosecutorial treaties, other countries can follow our standard and imposed requirements that all devices be sold with filters in effect.

[4] *Am. Civil Liberties Union v. Reno* , 31 F. Supp. 2d 473, 476 (E.D. Pa. 1999); also aff'd, 217 F.3d 162 (3d Cir. 2000) vacated sub nom. Ashcroft v. Am. Civil Liberties Union, 535 U.S. 564, 122 S. Ct. 1700, 152 L. Ed. 2d 771 (2002); *Ashcroft v. American Civil Liberties Union, 542 U.S. 656 (2004).*

amount to proof that the law will survive challenges from the ACLU. COPPA and the

CDA failed. But the reason they did was because Congress was trying to regulate

individuals, not the tech companies who are few in number. COFA cures COPPA. Any

normal decent Judge with character would be elated over the opportunity to fix an injury

that would keep families all over this country from breaking apart. [5]

## PROCEDURAL HISTORY

In terms of the procedural history, the Court can rest assured that I did not wake up one

morning and say to myself "hmmm you know what would be really good for my

reputation and personal life, I'll file a complaint in which I admit to being a porn

addict." [6]  I sustained a real injury as a result of exposure to pornography on filterless

devices that offered no warnings nor shields to unavoidable obscene content. I was not

given any say in the matter and that is inherently wrong in light of our biology and

neurology.  The original complaint was filed pro se in June 2013. The case made

international news and has provocate the responsiveness of the British Prime Minister[7]

---

[5] The Court must allow thee proceedings to go forward and to ultimately issue a preliminary injunction. The unbelievably evil secondary harmful effects of pornography will be stifled and Judge Campbell will be remembered by history as a patriotic hero who stood up for families and children, forever earning the title of "Your Honor." I appeal to Judge Campbell as a father to take a stand for children and stand up against the status quo in this area of sexuality. I am asking Judge Campbell to serve as the modern day William Wilberforce in an area of sex slavery that is completely out of control and getting worse.

[6] And despite Tim Cook's libelous statements about me to the media, in which he floated that I filed the lawsuit to help my music career, I think the evidence shows that my music career was going swimmingly prior to the filing and fame is not the focus here. https://www.youtube.com/watch?v=l44TYXT4jkc. Curing my personal injury and helping prevent families from suffering in the way that mine has is the absolute focus and that deserves incredible respect from the Court - even from Judge Knowles.

[7] *"Last week, a man in the U.S. sued Apple for not including a default "safe mode" that prevented him from accessing porn. Chris Sevier said his Macbook led him to a serious porn addiction that resulted in depression and his family leaving him. While many initially mocked the case, the UK is now asking tech companies to do exactly what Sevier asked for, showing how serious lawmakers around the world are taking the issue of online pornography."* - The Social Reader UK https://socialreader.com/me/content/XULox

and has cultivated in meetings with a litany of state and federal legislatures in the United States.[8] Approximate 28 witnesses, some of whom are licensed experts, have graciously appeared in this action to support the plausible of the action in support of the subject matter jurisdiction. (see Exhibits). Apple, on the other hand, has failed to provide a single affidavit or declaration challenging the plausibility of the action in regards to its subject matter jurisdiction challenge, minus the floundering opinion of Apple's counsel, which is only relevant in so far as it smells of hypocrisy.[9] In May 2015, I filed  motion to amend that nullified prior motions to amend that were pending.  Leave to amend was authorized in August 2015 by Judge Knowles. The amended complaint was 90 pages with footnotes. The first 25 pages includes the introduction, the parties, the venue, and the fact sections.  The remaining pages include 16 counts plead within 57 pages and an 8 page relief section. There are four separate claims filed under racketeering alone and a fraud claim all of which are subject to rule 9 pleading standards. Thirty pages were dedicated to the fraud and racketeering claims. (Amend. Comp 52 - 82). This means that the other 14 counts total a grand total of 27 pages. That's an average of 1.9 pages for those other counts. The case is one of first impression and involves novel questions of law and cannot be subjected to rule 12(b)(6) challenges accordingly. The subject matter

---

[8] I've met with Senator Rubio, Corker, Markey, senior staff members and legislative assistants. I've meet with countless federal Representatives like Love, Bishop, Stewart, Chaffetz, Ward, Forbes. I've met meeting with state legislatures like Kelsey (TN) and Greenleaf (PA), and state attorney generals. These meetings have been held because this cause of action is entirely plausible. I predict that the federal commerce committee will present filter legislation as a direct result of this action. In reading the motions to dismiss filed by Apple and the defendants in 3:14-cv-1313, it is clear that regulation against them as proposed here will survive first amendment heightened scrutiny challenges.

[9] To challenge subject matter jurisdiction under 12(b)(1) Apple would at the very minimum be required to file affidavits and declarations. They have failed to do so.

involves neurology, technology, addiction, and an complex enterprise that has taken plays from the play book of the Tobacco and Auto-industries. Before granting my motion to amend, Judge Knowles, in bad faith, recommended that Apple consider the implication of the dismissal in 3:14-cv-1313 in this action, which was activity that was part of a judicial activist scheme that offends his duty as a Judge.[10] In response to Judge Knowles' idea, Apple followed his legal advice and filed a motion to dismiss asserting that the complaint violated rule 8(a) and (d). and rule 12(b)(1) (lack of subject matter jurisdiction, and moved for dismissal under rule 41(b) - borrowing from Dell's arguments in 3:14-cv-1313. In August 2015, the magistrate adopted the amended complaint only to turn around and dismiss it with prejudice. Go figure. The Magistrate wrongfully found that the amended complaint violated rule 12(b)(1) relying on a single case that was totally incomparable: *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The facts, claims, and questions of law in *Apple v. Glenn* are not even remotely parallel to the ones here. [11] Furthermore, Judge Knowles felt that in his personal opinion that the complaint violated rule 8 because it wasn't written as good as he felt and because it was arbitrarily too long, regardless of the totality of the circumstance proving otherwise.[12]

---

[10] In keeping with his judicial activism, Judge Knowles effectively asked Apple to file the dispositive motion as it was filed in Google because of his inability to serve as a neutral umpire.

[11] In *Brown v. Califano*, 75, F.R.D. 497, 498 (1977), a pro se complaint that was a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies, that contained an untidy assortment of claims that were neither plainly nor concisely stated nor meaningful distinguished from bold conclusions, sharp harangues and personal comments, and that did not allege with even modest particularity the dates and places of the transaction complained of fell short of the liberal standard for complaints set by the rule. The complaint was akin to seven previously filed lawsuits and was dismissed with prejudice. The complaint in Brown can hardly be compared to the pro se complaint here.

[12] The totality of the circumstances clearly shows that his opinion is wrong. Even if Judge Knowles could stretch a rule 8 argument, he is under an obligation to provide leave to amend within a set period of time in keeping with rule 15. The case is still in its inception phase.

Despite the fact that Apple and and Google Defendants have clearly understood the complaint and have filed robust motions to dismiss under 12(b)(6), Judge Knowles pretended that the complaint was too hard to follow as part of an elaborate charade that should cause him to subject to disciplinary action. Given the fact that this case involves human trafficking, the public's health, crime prevention, first impression, technology, neurology, injured children, and a sophisticated enterprise, his opinion is dead wrong regarding rule 8 in light of the totality of the circumstance test. *Flemming v. Dierks Lumber & Coal Co*., 38 F.Supp. 237 (Ark. 1947); *Gomillion v. Lightfoot*, 167 F. Supp. 405, 407 (Ala 1958); *Rivoli Operating Corp. v. Loew's Inc*, 7 F.D.R 219 (Ny 1947). [13]

Judge Knowles is simply harassing me at the expense of human trafficking victims.[14]

---

[13] The Court in *Gomillion v. Lightfoot*, 167 F. Supp. 405, 407 (Ala 1958), stated "the question of whether a complaint or, for that matter, any pleading violates said rule 8 is dependent upon the circumstances of the particular case. In other words, as to what is a short and plain statement of claims, as to what constitutes redundant, immaterial, or impertinent matters, within the meaning of this rule depends upon the particular case involved." In *Rivoli Operating Corp. v. Loew's Inc*, 7 F.D.R 219 (Ny 1947), the court stated, "the application of rules 8(a)(2) is to be made in light of the nature of the action. Its is quite  obvious that a complaint charging a conspiracy in violation of the antitrust laws generally must contain a recital of numerous acts and circumstances. It is not a short statement of a claim as the word "short" is applied in the context of pleading on a contact or in negligence.

[14] Many courts have held that simplified pleadings in a big case is not necessary. *United Grocer's Co. V. Sau-Sea Foods*, 150 F. Supp 267 (NY 1950); *Alexander v. Texas Co*., 149 F.Supp. 37 (LA 1957). This case has the potential to rival tobacco litigation for cause. Apple denies that porn is addictive and failures to warn in the same way that the Tobacco industry denied that nicotine was addictive and failed to warn. The Supreme Court in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 112 S.Ct 1160 (1993), 507 U.S. 163, 122 L.Ed.2d 517, with the exception of actions falling within rule 9 (which this case does) or a federal statute (which this case does under RICO), no special pleading requirements exist for certain areas of the law. This is a human trafficking case. Pornography is an advertisement for prostitution. One leads to the other as false permission giving beliefs are spread and the ability to withhold consent is eroded. Even Ted Bundy in his last words to James Dobson said that it was pornography that lead him down the sexual voyeuristic path that ended in unspeakable crimes. https://www.youtube.com/watch?v=W7etRBGYeBw. Given the fact that the this case involves pornography, technology, human trafficking, neuroscience, the endangerment of children,  a pro se litigant, and concerted effort the court must afford a liberalized pleading standard.

Besides insulting my writing skills, the Magistrate's opinion is plain wrong and direct evidence of judicial activism that makes his presence on the bench a liability to the public's interest.[15] The spirit of the federal rules prefer a trial on the merits. The rules were not designed to be traps for the unwary. I am not obligated to engage in mind guessing of a judge with questionable judgment to begin with.  But even if the amended complaint violated rule 8 - and it does not - the equitable thing for Judge Knowles to have done would have been to recommended leave to amend with instructions on how to comply with rule 8. Fortunately, such recommendation is not necessary.  Pending now is a motion to amend with a 64 page complaint without any footnotes that totally undermines the flimsy concerns floated in Judge Knowles' 16 page recommendation for dismissal. On balance, the end results of Judge Knowles scheme is that he is on my bad side, and now, I have acquired Lauren Dixon's permission to file a lawsuit on her behalf against Apple and the Google Defendants.  "Plot twist."

The combination of this instant reconsideration motion and the pending motion to amend should forever and always serve to crush Judge Knowles' reckless procedural scheme both in this action and in Google.[16]  I am sure that Judge Knowles and the tech

---

[15] If there was ever a case where "good pleading" was rendered unnecessary it was *Dioguardi v. Durning*, 616 f.2d 1238 (3rd. Cir 1981), 1981 affirmed, 101 S.Ct. 1985, 451 U.S. 504, 68 L.Ed. 2d 402.  The complaint in that action was badly written, but it was not stricken. Those to object to the result in Dioguardi believe that "good pleading" is a sufficiently important goal that even possibly meritorious claims should be dismissed if they are not properly pleaded. Indeed, one critic said virtually this much, when he attacked the federal rules, as they have been interpreted, on the ground that they lower "the standard of pleading to fit the incompetent or lazy lawyer, instead of keeping the standard where pleading will be of some use to the courts, and make those who wish to practice in court meet those standards." McCaskill, The Modern Philosophy of Pleading: A dialog outside the shades, 1952, 38 A.B.A.J 123, 125. This is an arguable position, but it is contrary to the fundamental notion of all modern procedural reform, including the federal rules, that the object of procedure should be to secure a determination on the merits rather than to penalize litigants because of procedural blunders. *S & T Leasing Corp. v Alabama Highway Express, Inc*, S.Ct Ala 1976, 335, So.2d 384, 386 citing Wright And Miller.

[16] Apple could at the very most ask for a more definite statement under rule 12(e). But even if they did that and by some miracle the court agreed, then I would direct Apple to the pending amended complaint that's 64 pages without footnotes. The Court has to agree that Apple is out of excuses, so are the defendants in Google for the same reason.

companies' lawyers are as impressed with his creative use of the rules as I am, but Judge

Campbell must not play along. The Honorable Judge Campbell must follow the law and

ensure that the proceedings can move into the preliminary injunction phase. Instead of

allowing me to Apple on trial for racketeering in human trafficking and obscenity, I

have been put on trial for my writing skills.[17] As someone who attended Officer

Candidate School and OBC in TRADOC Title 10, I appreciate a challenge and even a

solid thrashing from the Government. I am asking Judge Campbell to honor the rule of

law by granting this motion for reconsideration and/or by adopting the pending amended

complaint for the benefit of the declarants at the very least.[18]  Face it, I'm never backing

---

The purpose of rule 8(e)(1) is set to give a party great flexibility in framing his pleadings. Neither technical expressions nor any particular form of words is required. A pleader is free to select language to that he believes best sets forth the claims that are being advanced. The degree of simplicity and conciseness required by 8(e)(1) depends on the subject matter of the litigation, the nature of the claims presented, and the number of parties involved.

[17] Judge Knowles actions amount to flagrant judicial activism that is so outrageous that he has constituted the very embarrassment to the integrity of the Courts. To side with me is to side against Human Trafficking, child exploitation, and the destruction of millions of families. Curing my injury cures COPPA.  Apple's motivation in refusing to modify their products with filters is greed. Judge Knowles motivation for his judicial misconduct is protecting the reputation of handful of insignificant individuals. He has slapped the countless state and federal congress members my team has been meeting with to discuss the passage of COFA (Child Online Filter Act). In the eyes of these legislatures, Judge Knowles literally looks moronic and not like a traditional Judge in step with traditional American Jurisprudence. Furthermore, Judge Knowles abuse of discretion constitutes a slap in the face of countless witnesses who were courageous enough to provide testimonials here. But worst of all, Judge Knowles has betrayed the public's health and proven conclusively that he is more concerned with ego than his Constitutional obligations. Apple's motivation for not modifying their defective products is greed. Judge Knowles judicial tap dance and judicial activism is motivated by egoism. He does not even hide the motivations of his heart and manages to codify in the public record in his flimsy basis for dismissal: "The extraneous content that makes up a great deal of the Complaint's 90 pages is not merely irrelevant, but to a large extent is also gratuitously insulting to numerous individuals and organizations, including many who clearly have nothing at all to do with the pornography-access issues the Third Amended Complaint attempts to raise." I expect and demand that Judge Campbell concern himself with the interest of families, children, and victims of sexual exploitation, not these irrelevant and immoral individuals, who provide incredibly sufficient grounds for immense contempt. Not to mention the fact that the law conclusively is on my side on all of these matters. Cheating with procedural rules is conduct grounded in immaturity and not legitimate equity.

[18] I can see my legal writing professor shaking his head now and saying "Sevier you should have spent less time making hit records and more time in the library."  While I do not mind the insult from government officials as a Soldier, Judge Knowles disrespect for the declarants, the legislatures, and consumer health is grossly intolerable. Judge Knowles has made an arbitrary decision based on an opinion that is predicated on pride. His unlawful Judicial activism amounts to the ends justify the means game playing, and as a Judge Advocate who served in Operation Iraqi Freedom to advance the rule of law mission, I find his judicial misconduct worthy of reporting to judicial

down, and I do not tire. Time won't shake me.  If Judge Knowles had character he would understand my resolve. The toothpaste is out of the bottle, as far as these matters and the public record are concerned.  Sweeping these matters under the rug will not work.  The public is tuning into what the pornified perpetrating culture is doing to us and who is to blame.  Transcultural justice, family groups, and the law are on my side. Judge Knowles's reckless judicial activism is just going to make it more costly for the defendants.[19]   Cheating to win is the only implausible element to this action and it is about time the Federal Courts got it right for once in the area of sexuality. The same sex marriage ordeal has all but destroyed the Court's reputation forever.  Apple's products in their current condition are in and of themselves sexually exploitative. The filterless devices highjack oxytocin and greatly encourage the demand for child exploitation and human trafficking. Although I appreciate Magistrate Knowles wanting to create bad precedent just to harangue little ole me, my advice as a former Judge Advocate is that Court knock it off and consider the interest of the victims of human trafficking who have appeared in this case at incredible personal sacrifice to themselves.

---

oversight.  His values, like Apple's, are a problem for the public's health.  I expect the Honorable Judge Campbell to cultivate the opposite opinion of Judge Knowles, making a decision that is actually based on the rule of law, and not some irrational popularity contest that Judge Knowles has managed orchestrate as a unfounded psychological projection.  The problem with the world is the human heart. The second problem is our collective failure to recognize that. Judge Knowles flagrant abuse of discretion serves to further show why it is vital that Apple be required to modify their products with filter so that consumers can pick and choose what influences they are subjected to. The heart is worth protecting. So is the integrity of the Courts. Reversal is respectfully sought.

[19] The sixth circuit will immediately reverse this Court and Judge Sharp, if we are forced to take these matters up in Ohio. But what will not stop is this case. I have been given permission to represent Lauren Dixon in an action against the tech companies in the Middle District Of Tennessee. I could reactivate my law license and refile these matters on her behalf quicker than Judge Knowles can say "judicial activism backfired."  I have a zero tolerance policy involving abuse by Tennessee courts - state and Federal. I have the time, talent, resources, and capacity to be a irritant if all of my demands are not strictly met, since after all they are all backed by the law, truth, and objective justice.

## RULE 8

The Federal Rules 8(a)(2) requires a "short and plain" statement of a party's claim for relief. What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters.[20] Rule 8 is at best an aspirational and liberal construction.[21] Detail is the order of the day. Federal pleadings are not expected to be of a uniform length or complexity.[22] The fact that the amended complaint involves RICO and fraud claims filed by a pro se cannot be discounted just because Judge Knowles wants to make Dell's counsel look smart.[23] The quid pro quo is obvious. Judge Knowles worked at the same firm as Dell's counsel for two decades defending corporations. This case is not simple nor ordinary. There is a complex enterprise at work here between the tech companies and the

---

[20] When pleading a new or novel legal theory, a plaintiff is still only required to plead a short and plain statement showing that he or she is entitled to relief. When facing a motion to to dismiss pursuant to rule 12(b)(6), however, the Plaintiff can present an argument that the theory is the natural progression of the law, and should be recognized as valid. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). This case involves a natural progression of the law and the amended complaint should be adopted as is.

[21] The federal rule requiring that a claim be short and plain statement showing that the pleader is entitled to relief is to be construed liberally. *Hanson v. Hunt Oil Co.*, 398 F.2d 578, 581. (8th Cir. 1968)

[22] *In re Global Crossing, Ltd.,* 2003 WL 2299478 (2003) the Court stated that although the complaint contained 840 paragraphs spread over 326 pages, complaint asserted a large number of claims against myriad defendants, all arising out of particularly complex accounting fraud, and therefore it was understandable that the complaint was quite large. As much as Judge Knowles wants to pretend that the complaint/letter in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), in which the Plaintiff named Judges as defendants, parallels the one here. The Complaint in In re Global is far more comparable.

[23] In *Honorable v. The Easy LIfe Real Estate Sys. Inc*., 182 F.R.D. 553.(Ill 1998), the plaintiff filed a 167-paragraph class action complaint, alleging, inter alia, two racketeering counters under RICO and two counts of fraud. Although the complaint was lengthy, it was necessarily so; the plaintiff needed to include class allegations as well as individual facts and needed to meet the rule specificity requirements of rule 9(b). When a complaint is necessarily lengthy, but still is straight-forward, it should not be dismissed. .

pornography industry and the subject matter is incredibly difficult to compile and plead.[24] I mean

after all, the worlds largest adult expo and tech summit have been held under the same roof in

Vegas for years. These industries are in bed with each other. The next time the tech enterprise

might want to be more discreet about its unholy union with predatory pornographers in the same

way that Judge Knowles might want to do a better job at concealing his concern for the

reputation of his friends defending corporations.

    In *Morgan v. Korbin Secs. Inc.*, 649 F.Supp. 1023, 1027 (1986), an eighty-eight page

complaint was not defective for failure to contain a short and plain statement, when five

plaintiffs were raising thirteen separate claims against fifteen separate defendants. Although

Apple is a lone defendant here, there are at least 30 other potential defendants, who I could have

added. I did move to consolidate this action with Google after all. I acknowledge that the

pleadings in a case involving a single plaintiff, a single defendant, and one transaction will

usually be much shorter and simpler than the pleadings in a case involving several plaintiffs,

numerous defendants, and more than one transaction. Yet, in this connection, it should be noted

that that Rule 8(a)(2) speaks of a short and plain statement of <u>each claim</u>, not a short and plain

pleading. Boom! On that consideration alone the rule 8 challenge dies. The first 25 pages of the

complaint involve the introduction, parties, venue, and fact section - Apple already filed a

motion a different complaint under rule 12(b)(6) for insufficient pleading of facts. They cannot

now turn around and say there are too many facts being plead.

    The last eight pages cover the claim for relief. The remainder is divided up between 16

counts to include sub-counts. By far the longest claims of relief are the racketeering one totaling

---

[24] An eighty-eight page complaint was not defective for failure to contain a short and plain statement, when five plaintiffs were raising thirteen separate claims against fifteen separate defendants. *Morgan v. Korbin Secs. Inc.*, 649 F.Supp. 1023, 1027 (1986)

30 pages, which leaves an average of 1.9 pages for the remaining 14 claims.[25] Given these facts -

alone - taken with the neuroplasty and technological elements to this action, Judge Knowles'

decision has more in common with insincerity than justice. The Court of appeals will reverse for

abuse of discretion under *Babb v. Bridgestone/Fireston*e, 861 F. Supp. 50 (Tenn 1993) if the

report is adopted because the rule 12(b)(1) and rule 8 challenges are losers.[26]   It is not even a

close call, and even if the rule 8 challenge did have a semblance of merit, the Court would be

required to adopt the 64 page amended complaint under the liberal rule 15(a) standard. These

matters are still in their inception, and just because Judge Knowles takes his sweet time in

rendering decisions in keeping with a pattern of dereliction of duty does not negate the fact that

the Court is required to allow me to amend the complaint at this phase if necessary. But rule 8

was not violated by the amended complaint, and Judge Knowles reports and recommendations

amount to a stall tactic. He should be recused and Magistrate Judge Griffin be reassigned, as a

matter of gender equity, since Judge Knowles is apparently not concerned about the

objectification of women and since he is clearly desensitized to the harmfulness of pornography

for obviously perverse reasons. It can hardly be asserted that Apple has had difficulty

---

[25] Most of the 14 counts are justified "common counts" as explained in Clark, Code Pleading 2d ed. 1947 Sec 46, at 289-293. I am not a very original writer, I pulled the language involving the racketeering counts from Tobacco litigation in an action where the complaint was not challenged - probably because the Judge was moral and not a judicial activist like the Magistrate. The reports and recommendations are valid only insofar as the prove that Judge Knowles should be reported for judicial activism in a case involving a sexual holocaust, a pornography pandemic, and the public's health.

[26] The requirements of a short and plain statement of a claim and simple, concise, and direct averments prescribed by the rules have been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious,  confused, or consists of incomprehensive rambling. *Collier v. First Michigan, Coop. Housing Ass'n*, 274 F. 2d 467 (6th 1960); *Brown v. Knoxville, News-Sentinel*, 41 F.R.D. 283 (Tenn 1966). However what is the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter left for the discretion of the trial court, which will be reversed by the court of appeals if that discretion is abused. *Babb v. Bridgestone/Fireston*e, 861 F. Supp. 50 (Tenn 1993).

understanding the claims of relief in the complaint and issues presented. In *Niles v. Nelson*, 72 F.Supp 2d 13 (N.Y. 1999), the Court accepted a lengthy and rambling complaint because the defendant was able to comprehend the plaintiff's cause of action fully and submit and answer. Here, Apple and the Defendants in 3:14-cv-1313 have understood the cause of action and have provided incredibly comprehensive and robust defenses under 12(b)(6). The Defendants have understood the claims so well that their best arguments comes under Section 230 of the Communications Decency Act, which manages to read like a desperate escape attempt. The problem for the Defendants attempt to hide behind the CDA is that (1) the statute was crafted to promote decency and not indecency and that (2) the statute does not stretch to physical products. This is a products liability case involving defective physical products, not an interactive website. Moreover, the CDA defense cannot even be raised in a motion to dismiss. Furthermore, the CDA does it absolve a party for federal violations under the lanham act and RICO to which I respectfully say - "go fish."[27] Any attempts to suggest that my pleading is confusing, poorly written, impossible to understand to the point that the severe response of dismissal is warranted is at best insincere and at worst dishonest. The robust response by the Apple and the Google

---

[27] I understand that the Federal Courts often prefer to remain inactive, not making decisions that change the status quo, and that many times when secular non-Christian judges do make decisions involving matters that are per se spiritual they fumble completely and cultivate incredible suffering. The decision in this action, which involved Tanco, which I tried to consolidate here could amount to the catalyst that destroys the country *Obergefell v. Hodges*, 576 U.S. ___ (2015). I did my part:
https://www.lifesitenews.com/news/former-jag-officer-highlights-absurdity-of-gay-marriage-by-suing-to-marry-h. I also am aware that I am legislating through the Courts due to a personal injury to cure a breakdown in the political system and that I have vested the Court with the de facto power of the executive to enforce obscenity laws against the tech companies. I understand that Courts despise pro se litigants and they worry about how allowing a pro se to acquire a victory will impact the law economy. In this special case, such considerations must be filtered out by the court and rendered inconsequential. Apple has made incredibly complex defenses, including ones that arise under the first amendment. Apple understands the complaint fully, and it should given the number of declarants in this case that substantiate its validity and complexity. Accordingly, Judge Knowles immoral judicial activism must be afforded the contempt that it merits. Any attempt to construe the complaint worthy of dismissal with prejudice is at best insincere.

defendants demonstrates that they understand the complaint completely. Apple has in fact sought to have excess pages in responding in opposition to my complaint for good reason. (DE 175). The report should be rejected.

In exercise of their discretion and in order to promote judicial economy, courts often will use a motion directed at the form of a pleading (or a motion to dismiss under rule 12(b)(6) as a vehicle for considering whether any possible claim for relief exists.) Of course, my complaint involves novel claims so the 12(b)(6) approach isn't going to work either - tough break. When Judges are behaving normally, the judicial tendency is to disregard the deficiencies of a lengthy, unorganized complaint, particularly in a case in which a dismissal with leave to replead probably wouldn't result in a substantially better drafted or more illuminating pleading. If this Court is into cherry picking complaints, it makes no difference to me if the current complaint is allowed to control or if the Court prefers adopting the pending 64 page complaint. Either way the judicial charade involving the abuse of the rules of civil procedure must cease and desist for the sake of the public's health and precedent considerations.

The reluctance on the part of the federal courts to dismiss for a deviation from the short and plain statement standard understandably manifests itself most prominently and most frequently when the plaintiff is appearing pro se. *Hughes v. Rowe,* 101 S.Ct. 173, 499 U.S. 5, 66 L.Ed.2d 163 (1980). [28] Despite Judge Knowles misguided psychological projects and false narratives, I am pro se. And my law license was not deactivated in December 2001. Therefore,

---

[28] I am just as upset about the Tennessee Supreme Court wrongfully taking my law license away as a reprisal campaign for my lawsuit against members of the BPR for hardcore dishonesty. But I am pro se and am afforded the pro se pleading standard no matter how desperate Judge Knowles is yearning to score points for the proliferators of child exploitation and human trafficking, aka the tech companies. I have still yet to apologize for having gone to law school, but if the Court does find that I can practice law, then I will naturally need to sue the TNSC members for their flagrant molestation of HIPAA and service discrediting misconduct. Out with the old in with the new I say. Fortunately, I have bigger fish to fry. Many judges will not like my response if I am not allowed to get an injunction.

the lower pro se standard applies and the Court should sound off with "bye felicia" to Judge Knowles' procedural scam.  Admittedly, federal courts are far less charitable when one or more amended pleading has been filed with no measure of increased clarity. But that cannot be said in this case when there is a 64 page complaint without footnotes conveniently pending..  In *Tucker v. Stewart*, 72 Fed.Appx. 597 (9th Cir. 2003), the district court gave the plaintiff three opportunities to amend the complaint, provided examples of an acceptable complaint, and provided specific instructions on how to comply with rule 8. The court did not abuse its discretion in dismissing without prejudice when the plaintiff still failed to satisfy rule 8's requirements under those circumstances. In the instant case, I feel an absence of warm vibes drifting my way from the bench, when I consider how the *Tucker* court treated the plaintiff there. Just like it is unfair that a minor cannot go enter an R rated movie but they can walk around with an x-rated theater in their pocket in the form of a filterless iphone phone, I am not a fan of double standards. The Court shouldn't be either. I'm getting a whiff that reversal is in order based on the case law.

Even when a violation of the short and plain statement requirement results in dismissal of the action, "ordinarily" it will be with leave to replead. This is no ordinary action. Given the declarations that have been filed and the fact that this is a case of first impression that could improve the public health on an international level, I should have permission to replead as many times as necessary for the sake of the 27 declarants who have appeared here alone. Permission to file an amended complaint complying with rule 8(a)(2) usually is freely given because the federal rules contemplate a decision on the merits rather than a final resolution of the dispute on the basis of technicalities, particularly those relating to pleading. *Tufano v. One Toms Point Lane*

*Corp.*, 64 F.Supp. 2d 119 (1999), affirmed,, 229 F.3d 1136 (2d. Cir. 2000). In some circumstances if a party fails or refuses to file an amended and simpler pleading or does not exercise good faith in purporting to do so, the severe sanction of a dismissal on the merits may be justifiable. Just because I am not out to win a popularity contest does not mean that the court needs to undermine its own interest by creating bad precedent that will come back to bite it.[29]

       In Judge Knowles tainted opinion, he seems to suggest that I included too many facts, conclusions, theories, and evidence. He does so despite the fact that such information should be construed as an attempt to frame a complex case involving novel questions of law and as an effort to be helpful in providing fair notice. Sex, especially self-sex is a tough topic. Of course, Judge Knowles knows these things. But he is quarterbacking an agenda grounded in egotistical pride because he does not respect the law.  Some commentors have expressed the view that the judicial glosses on the terms "facts," "evidence," and "conclusions" in connection with the pleading regime were probably the least successful aspect of the practice under the codes. Summaries and criticisms of this aspect of codes pleading can be found in Clark, Code Pleading 2d ed. 1947 sec. 38 at 225-240. The Federal Rules of Civil Procedure makes no reference of "facts" and there is no requirement that facts be stated in a certain manner or in any requisite number. "A complaint that complies with the federal rules of civil procedure cannot be dismissed on the grounds that it is conclusory or fails to allege facts. The federal rules requires (with irrelevant exceptions) only that a complaint state a claim, not that it plead the facts that if true would establish (subject to any defenses) that the claim

---

[29] When the plaintiffs whose complaints were dismissed for failure to state a claim for relief already had numerous opportunities to assert their claims, the dismissal would be without leave to amend. *Hutter v. Schrami*, 51 F.R.D 519 (Wis. 1970)

was valid. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). It is contrary to the spirit of the federal rules to assert a technical objection that the plaintiff has pled to many facts, conclusions, and evidence. I did plead facts, evidence, and conclusions but I did so in good faith. The truth has a place inside the courts like no where else, and I believe that the evidence suggest that my sound legal theories and conclusions are consistent with transcultural truth in support the legal theories at the heart of the case. I did plead some specific evidence. Such as the fact that Steve Jobs admitted that Apple has a "moral responsibility" to keep pornography off of their products. But just because that evidence supports the fraud claim and Judge Knowles illegal conquest to protect the tech companies enterprise does not cause the complaint to violate rule 8. Such evidence was provided in support of the fraud allegations in step with the rule 9 requirements. Apple filed a rule 12(b)(6) motions on the one hand saying that the complaint was insufficient, and on other rule 8 motions saying that the complaint was too sufficient. I feel like I am jumping from one foot to the other, questioning "is the complaint too short or is it too long." I call it the Goldilocks exercise. It should stop because it is demonstrating that Judge Knowles is immoral. Circumstances do not make or break you, they reveal you. Judge Knowles is incapable of being on this case given his corporate ties.

It always should be borne in mind that the federal rules reflect the judgment of the drafters that polishing the pleadings by means of motion practice rarely is worth the effort and has nothing to do with ascertaining the merits of the action. As mentioned before, the federal rules only need to interpose a short plain statement of the claims showing that the pleader is entitled to relief. Thus, whether the specificity standard of

rule 8(a)(2) has been satisfied is to be determined by whether the pleading gives fair notice to the opposing party, and not whether it contains "ultimate facts" as opposed to "evidence," or "conclusions." No more precise test can be stated because the appropriate level of generality for a pleading depends on the particular issue in question or the substantive context of the case before the court. *Boston and Maine Corp. v. Town of Hampton*, 987 F. 2d 855 (1st. Cir. 1993). Judge Campbell should not find that the amended complaint or the pending amended complaint violate 12(b)(1) and rule 8 without reversal for abuse of discretion. And I should not be in a place where I am having to call out Judges for engaging in dishonesty that is subversive to the public's health.

In the years following the promulgation of the federal rules of procedure, a number of federal courts still followed the old code terminology and required that a state of a claim contain only "ultimate facts," and condemned "conclusions of law" and "statements of evidence," a phenomenon that became much less common over the years. As shorthand terms for too much generality or too much detail, conclusions of law and statements of evidence have some utility, inasmuch as most of the cases using these terms seem to have reached results that are in harmony with the spirit of the federal rules, these departures from the more appropriate nomenclature seem innocuous enough. However, there always is the danger that the use of archaic terms, such as ultimate facts, evidence, and conclusions, will tend to revive the very distinctions that the federal rules repudiated. Simply put, it must be remembered that the federal rules require a short and plain statement of a claim for relief that provides fair notice to the opposing party; it

does not make any difference whether the pleading accomplishes this by stating "conclusions," "ultimate facts," or "evidence." Fortunately, the Supreme Court has taken the occasion to remind us all of this principle. *Swierkiewicz. v. Sorema*, 122 S.Ct. 992, 534 U.S. 506, 152 L.Ed. 2d (2002). Reversal is warranted.

## SOUND LEGAL THEORIES AND PLAUSIBILITY

My complaint involves sound legal theories that are backed by the litany of witnesses, some of whom are licensed medical experts, who have appeared in support. (See Exhibits). The complaint gets across the idea that (1) I sustained an injury because I was forced to encounter pornography repeatedly on a filterless products and that (2) Apple has an existing duty to modify their products in compliance with the spirit of display obscenity laws. An adult who wants the shield removed can have the filter deactivated at the retailer. I am all about the freedom to choose. Yet, minors should have no say in the matter in light of obscenity laws. 18 U.S. Code Chapter 71 et. seq. Just like Coca Cola was required to remove the cocaine ingredient from its product, Apple can be required to remove the porn ingredient from its. 1914 Harrison Narcotics Tax Act. Both cocaine and pornography impact the same area of the brain. Both rewire the reward cycle. They are both drugs.

Cigarette vending machines owners can be held strictly liable for the harm caused by the content found within their machine under strict liability, fraudulent concealment, and failure to warn. Likewise, Apple can be held liable for the harm caused by exposure to the obscene content distributed inside of its machine.[30]

---

[30] *Richardson v. Phillip Morris Inc*., 950 F. Supp. 700 (D. Md. 1997); *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 893 (W.D. Tenn. 1999).

The internet is not a cube in the desert that glows. The internet is a part of a sum. That sum total is the device that powers on and off. The superseding cause of my injury at the front of the causal chain is Apple's product. Just because Apple wants to mislead the public and shoehorn its unregulated pornography distribution platform into the first amendment box does not make my action implausible. Judge Knowles is playing pretend. Apple is not a state actor but they are an entity that is required to be subjected to state and federal obscenity laws, just like any other SOB (sexual oriented business). Apple's products is no different than a playboy magazine. The product itself is like the front and back of the magazine. Inside there is some content that is harmless - like sports articles. Here, I am taking issue with the content that is pornographic and violates the community standards that is inside of the machine. I am no moralist. I am not against technology. I am pro sex. God made it. I am a fan of policies that support sex between one man and one woman in marriage. I think that the laws should condemn but not not discourage all other forms to include self-sex, same-sex, animal-sex, ect.. The right choice should be the easy choice. State sanctioned savagery by the federal courts is grounds for sedition by Christians. The United States is a Christian Nation, not a savage one. *Church of the Holy Trinity v. United State*s, 143 U.S. 457 (1892). Judge Knowles is not operating in reality. I am simply asking that the Federal Courts require that Apple place only the pornographic content behind a barrier shield on the front end by custom making password protected filters. This single act will do more to roll back the secondary harmful effects of pornography than any other policy initiative. In light of the freedom and exercise clause, the government is violating fundamental religious liberties

by being non-responsive to these matters. Sex is not merely a physical act. It is a spiritual one as well. To deny that is to admit an inability to see and govern. Honoring my demand will actually allow Steve Job's fraudulent "Freedom from Porn" campaign to be a reality instead of an act of false advertisement. The case isn't implausible. Judge Knowles is.

Obscenity is not protected speech.[31] The burden should rest on those who want to consume the content to have to take the additional steps to do so and not on those who simply want to avoid it because they know that it can damage them sexually, reproductively, emotionally, biochemically, neurologically, and relationally - destroying their family and capacity for intimacy with a real person. Instead of rewarding consumers who seek to interface with obscene content, those who want to avoid it should be favored by law. Virtually every city counsel in the United States has promulgated zoning laws that relegate SOBs to the hard to reach and undesirable parts of town. This is so that potential customers may give a second thought and "turn the car around" before venturing to such places that could ruin the quality of their lives and infringe on their goals. Bricks and mortar sex shops have far less obscene content than the amount contained in Apple's products. Apple should be considered the chief amongst all of the SOB. I am simply asking that the Court require that Apple modify their products so that pornography is a bit harder to access in step with the spirit of the zoning ordinances. That is not an implausible legal position. But it is an argument that

---

[31]Obscenity is not within the area of protected speech or press." Court v. State, 51 Wis. 2d 683, 188 N.W.2d 475 (1971) vacated, 413 U.S. 911, 93 S. Ct. 3032, 37 L. Ed. 2d 1023 (1973) and abrogated by State v. Petrone, 161 Wis. 2d 530, 468 N.W.2d 676 (1991);; State v. Weidner, 2000 WI 52, 235 Wis. 2d 306, 611 N.W.2d 684;; Ebert v. Maryland State Bd. of Censors, 19 Md. App. 300, 313 A.2d 536 (1973).

paints Judge Knowles as a charlatan. If Judge Campbell will side with me throughout this action, pornography will be pushed back underground and a crippling blow will be inflicted on the demand side of child exploitation and human trafficking. The Court should be elated at the opportunity to serve.

Furthermore, although this is a case of first impression, the theories behind the enterprise and their wrongdoing is not original. I wish I was more creative like Dell's counsel in 3:14-cv-1313. Apple and the other tech companies have banned together and agreed to violate obscenity laws, while refusing to admit to pornography's addictiveness. The tech companies are behaving a lot like the Tobacco companies, who denied that nicotine was addictive. My mental health experts beg to differ. (See Exhibits). It was former Supreme Court Justice Stewart, who in a letter advised corporations to "unite;" Judge Knowles is cut from the same clothe as Justice Stewart. The tech companies have banned together and refused to sell their products with filters because they want people addicted to the pornography on their devices and dependent on their devices. The complaint asserts that Apple has a duty to warn and that it failed to do so. It's straight forward and credible.

Further, the enterprise here has taken plays from pages of the auto-industry. For years, the auto-industry refused to sell its products with seat belts. The auto-industry blamed "the nut behind the wheel" in the same way that Tech companies blame the user behind their product. At one point Ford broke ranks with the enterprise and started selling safety packets. These safety packets were extremely popular. But Ford was forced to recall the safety packets under the pressure of GM and Chrysler. The

auto-industry sought to avoid any acknowledgement of guilt for injury following car accidents.

The auto-industry failed to take into account that without the car, there would not be any car wrecks. The Enterprise here fails to take into account that without their products, there would not be countless secondary harmful effects that a huge portion of society is experiencing. It is clearly the car manufacturer's duty to sell their products with seat belts, and not the job of a third party. Likewise, it is Apple's "moral responsibility" to sell their products with filters, which Steve Jobs was kind enough to acknowledge to the media for my benefit here. Net Nanny/Content Watch, is one of the world's leading filter companies. The CEO of that company appeared in this action and stated that it should be the tech companies job to provide custom made filters and not companies like his. Judge Knowles dishonors that kind of honorable sacrifice because he does not comprehend the meaning of the words. Unlike the "psychosexual dreamboats" aka automobiles, Apple's products are under a greater duty of care under products liability law because their products never fully leave the instrumentality and control of the manufacturer. *Towle v. Phillips*, 172 S.W.2d 806, 808 (Tenn. 1943). The product stays in contact with the mothership so to speak. Apple's products involve a closed system (See Dec. of Yarro attached). A third party filtering company lacks the insider knowledge to make their products safe for use. Apple is in the best position to send out filter updates as part of its routine software updates. These factors do not make my cause implausible but it does make Judge Knowles' scheme discredited. The reason why the tech and auto industries do not want to be regulated in the area of safety is because they

are afraid of a slippery slope. Once the auto-industry was regulated in the area of seat

belts, they were quickly regulated in the area of emissions and so forth. Apple knows

that it is regulated in the area of pornography that music and art could follow. Too bad.

While many industries could be saved, Apple is only concerned with its bottom-line.

Greed is Apple's idol. The fact that Apple sells its products with parental controls

(which are totally inept) to minors should cause a normal judge to raise an eyebrow or

two, when it comes to plausibilty.[32] Judge Campbell should not adopt the reports and

recommendations.

/s/Chris Sevier/
9 Music Square South 247
Nashville, TN 37203
615 500 4411
Ghost OP Bravo Foxtrot

CERTIFICATE OF SERVICE

This motion was served on opposing counsel through ECF/PACER Filing System to the Defendants Attorney's of record to Tom Wiseman at tom@wisemanashworth.com, and Professor Sara Ford at sford@lightfootlaw.com on this 8th day of September 2015.

/s/Chris Sevier/

---

[32] Let's remember that Steve Jobs stated: *"I'm all for keeping porn out of kids hands. Heck, I'm all for ensuring that I don't have to see it unless I want to. But...that's what parental controls are for."* The presence of parental controls is direct evidence that Apple has a duty to keep pornography off of its products. The fact that Apple sells its products with parental controls to non-parents screams of injustice. Although Judge Knowles has promoted himself to the level of a technical expert and licensed mental health professional, he is neither. Parental controls are more like a picture of seat belt than an actual safety harness. Parental controls only work if the primary purchaser sets up a third party guest account. The purchaser knows the password and there are no protections for the purchaser who has actual privity of contract with the device maker. Parental controls are like a seat belt that can be assembled for a person riding in the back seat, but there are no seat belts for the driver. It's outrageous. So is the fact that Judge Knowles would put on such an elaborate dishonest charade that my cause of action is even tangentially implausible. It makes me furious for good reason and primarily out of concern for the safety and welfare of children. My legal theories are simply a way of being helpful. I am trying to frame this matter. As Judge Clark said, "the pleading of legal theories under the federal rules is just a way of being helpful, but it is not necessary, and certainly not binding, as it is the court's duty to determine the appropriate legal theory. Clark, Pleading under the Federal Rules, 1958, 12, Wyo.L.J 177, 191-192. I am an abstract guy. I am a Christian. I should not be punished for including any legal theories in my case that could explain down to the root what is taking place in the case. There is no bad faith here. Apple's primary motivation for refusing to sell its products with filters is greed. Apple knows that there is a dopamine connection for individuals who masterbate to the porn on their products and that their products are like the crack pipe in a drug transaction. Apple wants its customers dependent on its products. Dr. Hilton can do a better job of explaining this that I can. So can the seven licensed mental health professionals who have appeared in this action.